## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| ALYSSA MCLAUGHLIN AND WILLIAM MCLAUGHLIN | : No. 255 WAL 2021 |
| | : |
| | : |
| | : Petition for Allowance of Appeal |
| v. | : from the Order of the Superior Court |
| | : |
| | : |
| AMIT NAHATA, M.D.; KATHRYN SIMONS, M.D.; ANNE F. JOSIAH, M.D.; THOMAS PIROSKO, D.O.; JESSIE GANJOO, M.D.; ASHLEY  BERKLEY, D.O.; THE WASHINGTON HOSPITAL; AND WASHINGTON HEALTH SYSTEM WASHINGTON HOSPITAL | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| DIALYSIS CLINIC, INC. | : |
| | : |
| | : |
| PETITION OF: DIALYSIS CLINIC, INC. | : |

## ORDER

**PER CURIAM**

    **AND NOW**, this 24th day of February, 2022, the Petition for Allowance of Appeal is **GRANTED**.  The issues, as stated by Petitioner, are:

(1)     Did the Superior Court err when it affirmed the Trial Court's expansion of causes of action not recognized under Pennsylvania law on grounds that the Superior Court could not reverse the Trial Court's expansion of causes of action where there is absence of Supreme Court precedent?

(2)     Did the Superior Court err by permitting the Washington Hospital to pursue an indemnity claim against [Petitioner], an admittedly non-negligent secondarily (vicariously) liable party, which is inconsistent with the

established law of Pennsylvania that permits indemnity claims only against actively negligent parties, while simultaneously recognizing that the Trial Court expanded Pennsylvania Law?

(3)     Did the Superior Court err by permitting the Washington Hospital to pursue a contribution claim against DCI, a party whom the Washington Hospital specifically admits is not a tortfeasor, despite the fact that the Uniform Contribution Among Tortfeasors Act and precedential case law only allow for contribution among tortfeasors?

Petitioner's Application for Leave to File Response to Respondent's Answer to Petition for Allowance of Appeal is **DENIED** as moot.